IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| SHERTEEKE'O B., | * |
| | * |
| Plaintiff, | * |
| | *   Civil No. TMD 18-3026 |
| v. | * |
| | * |
| | * |
| ANDREW M. SAUL, | * |
| Commissioner of Social Security, | * |
| | * |
| Defendant.[1] | * |

**MEMORANDUM OPINION GRANTING PLAINTIFF'S
<u>ALTERNATIVE MOTION FOR REMAND</u>**

Plaintiff Sherteeke'o B. seeks judicial review under 42 U.S.C. § 405(g) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying her application for disability insurance benefits under Title II of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 15), Defendant's Motion for Summary Judgment (ECF No. 19), and Plaintiff's Response to Defendant's Motion for Summary Judgment (ECF No. 20).[2] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's

---

[1] On June 17, 2019, Andrew M. Saul became the Commissioner of Social Security. He is, therefore, substituted as Defendant in this matter. *See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

decision that she is not disabled. No hearing is necessary. L.R. 105.6. For the reasons that follow, Plaintiff's alternative motion for remand (ECF No. 15) is **GRANTED**.

# I

## Background

On July 24, 2017, Administrative Law Judge ("ALJ") Thomas Mercer Ray held a hearing in Washington, D.C., where Plaintiff and a vocational expert ("VE") testified. R. at 62-93. The ALJ thereafter found on November 30, 2017, that Plaintiff was not disabled from her alleged onset date of disability of June 1, 2013, through the date of the ALJ's decision. R. at 40-61. In so finding, the ALJ found that Plaintiff had not engaged in substantial, gainful activity since June 1, 2013, and that she had the severe impairments of fibromyalgia, migraines, high blood pressure, hypothyroidism, obesity, and degenerative disc disease. R. at 46-47. She did not, however, have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. R. at 48-49.

The ALJ then found that Plaintiff had the residual functional capacity ("RFC")

> to perform less than the full range of light work as defined in 20 CFR 404.1567(b). She could occasionally lift and/or carry 20 pounds and frequently lift and/or carry 10 pounds. Could stand or walk for a total of 6 hours in an 8-hour workday. Could sit for a total of 6 hours in an 8-hour workday. Could push or pull, as much as she can lift and/or carry. Unlimited as to climb ramps, stairs, ladders, ropes, or scaffolds. Could occasionally balance, stoop, kneel, crouch, crawl.

R. at 49.[3] In light of this RFC and the VE's testimony, the ALJ found that Plaintiff could perform her past relevant work as an admissions clerk, patient services representative, and unit

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b). "Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." *Id.*

clerk. R. at 55-56. The ALJ thus found that Plaintiff was not disabled from June 1, 2013, through November 30, 2017. R. at 56.

After the Appeals Council denied Plaintiff's request for review, Plaintiff filed on October 2, 2018, a complaint in this Court seeking review of the Commissioner's decision. Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment. The case then was reassigned to the undersigned. The parties have briefed the issues, and the matter is now fully submitted.

## II

## **Disability Determinations and Burden of Proof**

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at

379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1522(a), 416.920(c), 416.922(a).[4]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements"

---

[4] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.922(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1522(b)(1)-(6), 416.922(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

# III

## Substantial Evidence Standard

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

# IV

## Discussion

Plaintiff contends that, in assessing her RFC, the ALJ erred in applying Social Security Ruling[5] ("SSR") 12-2p, 2012 WL 3104869 (July 25, 2012), which provides guidance on how the Commissioner develops evidence to establish that a person has a medically determinable impairment of fibromyalgia and how the Commissioner evaluates fibromyalgia in disability claims. Pl.'s Mem. Supp. Mot. Summ. J. 9-16, ECF No. 15-1. As discussed below, the Court remands this case for further proceedings.

Fibromyalgia "is a complex medical condition characterized primarily by widespread pain in the joints, muscles, tendons, or nearby soft tissues that has persisted for at least 3 months." SSR 12-2p, 2012 WL 3104869, at *2. It is

> a common, but elusive and mysterious, disease, much like chronic fatigue syndrome, with which it shares a number of features. Its cause or causes are unknown, there is no cure, and, of greatest importance to disability law, its symptoms are entirely subjective. There are no laboratory tests for the presence or severity of fibromyalgia. The principal symptoms are "pain all over," fatigue, disturbed sleep, stiffness, and—the only symptom that discriminates between it and other diseases of a rheumatic character—multiple tender spots, more precisely 18 fixed locations on the body (and the rule of thumb is that the patient must have at least 11 of them to be diagnosed as having fibromyalgia) that when pressed firmly cause the patient to flinch. All these symptoms are easy to fake, although few applicants for disability benefits may yet be aware of the specific locations that if palpated will cause the patient who really has fibromyalgia to flinch.

---

[5] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted. 20 C.F.R. § 402.35(b)(1). Once published, these rulings are binding on all components of the Social Security Administration. *Heckler v. Edwards*, 465 U.S. 870, 873 n.3, 104 S. Ct. 1532, 1534 n.3 (1984); 20 C.F.R. § 402.35(b)(1). "While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law." *Pass*, 65 F.3d at 1204 n.3.

*Sarchet v. Chater*, 78 F.3d 305, 306-07 (7th Cir. 1996) (citations omitted); *see Lillard v. Comm'r, Soc. Sec.*, No. JKB-13-1458, 2014 WL 2004710, at *2 n.1 (D. Md. May 14, 2014) (noting that criteria under SSR 12-2p "generally require that the claimant demonstrate: (1) a history of widespread pain; (2) tender points or other manifestations of fibromyalgia symptoms; and (3) evidence that other disorders, which could cause the symptoms have been ruled out").

Under SSR 12-2p, the ALJ "will consider a longitudinal record whenever possible because the symptoms of [fibromyalgia] can wax and wane so that a person may have 'bad days and good days.'" SSR 12-2p, 2012 WL 3104869, at *6. At steps four and five of the sequential evaluation process, the ALJ will consider the claimant's symptoms, such as widespread pain and fatigue, in determining whether exertional limitations or non-exertional limitations, including environmental restrictions, are warranted. *Id.*

Here, the ALJ found that, "[i]n terms of [Plaintiff's] alleged all over body pain, fibromyalgia could reasonably be expected to cause this alleged symptom; however, the medical evidence does not support her allegations regarding the intensity, persistence, and limiting effects of this symptom." R. at 54. "Her rheumatologist observed tenderness to palpation of the hands, wrists, elbows, shoulders, knees, and ankles but [Plaintiff] had normal range of motion in these areas." R. at 54. The Court agrees with Plaintiff that the ALJ in this case erred in discrediting her allegations regarding the intensity, persistence, and limiting effects of her fibromyalgia symptoms by relying primarily on "normal" objective evidence, such as normal range of motion. Pl.'s Mem. Supp. Mot. Summ. J. 10, ECF No. 15-1 (citing R. at 54). As Plaintiff points out, "physical examinations [of fibromyalgia patients] will usually yield normal results—a full range of motion, no joint swelling, as well as normal muscle strength and neurological reactions." *Preston v. Sec'y of Health & Human Servs.*, 854 F.2d 815, 818 (6th Cir. 1988) (per curiam). The

ALJ found that there was "no evidence fibromyalgia would prevent [Plaintiff] from performing light work with the postural limitations assessed in this decision." R. at 54. The ALJ found that "the medical evidence of record does not corroborate her testimony" that "she is unable to get out of bed or walk two days a week due to fibromyalgia flare-ups." R. at 54. The ALJ explained that, "[a]lthough antalgic gait was present during multiple examinations, [Plaintiff] was not noted to be unable to walk. Furthermore, she does not use an assistive device for ambulation." R. at 54. However, "because an absence of muscle strength is not a marker of fibromyalgia, ability to move without assistive devices is not significantly inconsistent with Plaintiff's subjective complaints." *Cota v. Comm'r of Soc. Sec.*, No. 1:08-CV-00842-SMS, 2009 WL 900315, at *10 (E.D. Cal. Mar. 31, 2009).

In any event, although the ALJ found that Plaintiff could perform less than the full range of light work and could "stand or walk for a total of 6 hours in an 8-hour workday" (R. at 49), "the ALJ never explained how he concluded—*based on this evidence*—that [Plaintiff] could actually perform the tasks required by" light work, such as standing or walking for a total of approximately six hours of an eight-hour workday. *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018); *see* SSR 83-10, 1983 WL 31251, at *5-6 (Jan. 1, 1983). Rather, evidence in the record shows that in July 2013 Plaintiff continued to report limited walking tolerance (R. at 672), in May 2015 Plaintiff's "sitting/standing tolerance" was thirty minutes (R. at 770), and that in February 2017 Plaintiff's "pain [was] exacerbated with prolonged standing, sitting, or walking" (R. at 924). When assessing a claimant's credibility, the ALJ "should consider not just the *type* of [the claimant's] daily activities, but also the *extent* to which she can perform them." *Woods*, 888 F.3d at 695. Moreover, the ALJ gave "significant weight" to the opinions of the state agency consultants that Plaintiff was limited to light work, but the ALJ did so "because the

9

opinions are well-supported by the medical evidence of record discussed above" (R. at 55), which is a finding that precludes meaningful review. *See Monroe v. Colvin*, 826 F.3d 176, 190-91 (4th Cir. 2016). In short, because the ALJ "must *both* identify evidence that supports his conclusion *and* 'build an accurate and logical bridge from [that] evidence to his conclusion,'" the Court remands this case for the ALJ to do so. *Woods*, 888 F.3d at 694 (alteration in original) (quoting *Monroe*, 826 F.3d at 189).

## V

## <u>Conclusion</u>

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 19) is **DENIED**. Plaintiff's Motion for Summary Judgment (ECF No. 15) is **DENIED**. Plaintiff's alternative motion for remand (ECF No. 15) is **GRANTED**. Defendant's final decision is **REVERSED** under the fourth sentence of 42 U.S.C. § 405(g). This matter is **REMANDED** for further proceedings consistent with this opinion. A separate order will issue.

Date: March 26, 2020 /s/
Thomas M. DiGirolamo
United States Magistrate Judge